01

02

03

04

05
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

06
AT SEATTLE

07 MAURICE K. SMITH,                          )
                                               )    CASE NO. C12-0648-RSL-MAT
08        Plaintiff,                          )
                                               )
09        v.                                   )    REPORT AND RECOMMENDATION
                                               )    RE: SOCIAL SECURITY DISABILITY
10 MICHAEL J. ASTRUE, Commissioner            )    APPEAL
   of Social Security,                         )
11                                             )
          Defendant.                          )
12 _____ )

13        Plaintiff Maurice K. Smith proceeds through counsel in his appeal of a final decision of

14 the Commissioner of the Social Security Administration (Commissioner).   The Commissioner

15 denied plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental

16 Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having

17 considered the ALJ's decision, the administrative record (AR), and all memoranda of record,

18 the Court recommends that this matter be REMANDED for further proceedings.

19                        **FACTS AND PROCEDURAL HISTORY**

20        Plaintiff was born on XXXX, 1968.[1]   He has an eighth grade education and previously

21
_____

22        1 Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of
Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case

REPORT AND RECOMMENDATION
PAGE -1

01  worked as a mover.   (AR 30, 47.)

02      Plaintiff filed an application for DIB and SSI on August 20, 2007, alleging disability

03  beginning July 31, 2006. (AR 21.)   He is insured for DIB through March 31, 2008.   (*Id.*)

04  Plaintiff's application was denied at the initial level and on reconsideration. Plaintiff timely

05  requested a hearing.

06      On March 23, 2010, ALJ M.J. Adams held a hearing, taking testimony from plaintiff

07  and a vocational expert.   (AR 39-78.)   On August 19, 2010, the ALJ issued a decision finding

08  plaintiff not disabled.   (AR 21-31.)

09      Plaintiff timely appealed.   The Appeals Council denied plaintiff's request for review

10  on February 17, 2012 (AR 1-6), making the ALJ's decision the final decision of the

11  Commissioner.   Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

13      The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

15      The Commissioner follows a five-step sequential evaluation process for determining

16  whether a claimant is disabled.   *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).   At step one, it

17  must be determined whether the claimant is gainfully employed.   The ALJ found plaintiff had

18  not engaged in substantial gainful activity since the alleged onset date.   At step two, it must be

19  determined whether a claimant suffers from a severe impairment.   The ALJ found plaintiff's

20  degenerative disc disease of the lumbar and cervical spine, hepatitis C, a depressive disorder, a

21  posttraumatic stress disorder, and drug abuse severe.   Step three asks whether a claimant's

22  ────────────────────────────────────────

Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION
PAGE -2

01  impairments meet or equal a listed impairment.   The ALJ found that plaintiff's impairments

02  did not meet or equal the criteria of a listed impairment.

03      If a claimant's impairments do not meet or equal a listing, the Commissioner must

04  assess residual functional capacity (RFC) and determine at step four whether the claimant has

05  demonstrated an inability to perform past relevant work.   The ALJ found plaintiff able to lift

06  and carry twenty pounds occasionally and ten pounds frequently, able to stand and/or walk six

07  of eight hours, able to sit six out of eight hours, and push and/or pull without restriction other

08  than as shown for lift/carry.   Plaintiff can occasionally climb ramps/stairs, never climb a

09  ladder/rope/scaffold, frequently balance, and occasionally stoop, kneel, crouch, and crawl.   As

10  to mental RFC, plaintiff can understand, remember, and carry out simple two to three step

11  instructions required to perform unskilled work.   Plaintiff has the average ability to perform

12  sustained work activities (i.e. can maintain attention, concentration, persistence, and pace in an

13  ordinary work setting on a regular and continuing basis (i.e. eight hours a day for five days a

14  week or an equivalent work schedule)) within customary tolerances of employers' rules

15  regarding sick leave and absences.   Plaintiff can make judgments on simple work-related

16  decisions required to perform unskilled work, and respond appropriately to supervision and

17  co-workers.   Further, plaintiff can deal with changes all within a stable work environment not

18  dealing with the general public (as in a sales position or where the general public is frequently

19  encountered as an essential element of the work process); incidental contact with the general

20  public is not precluded.   With that assessment, the ALJ found plaintiff unable to perform his

21  past relevant work.

22      If a claimant demonstrates an inability to perform past relevant work, the burden shifts

01  to the Commissioner to demonstrate at step five that the claimant retains the capacity to make

02  an adjustment to work that exists in significant levels in the national economy.  With the

03  assistance of a vocational expert, the ALJ found plaintiff capable of performing other jobs, such

04  as small products assembler, electrical parts assembler, semi-conductor bonder, and

05  housekeeping cleaner.

06       This Court's review of the ALJ's decision is limited to whether the decision is in

07  accordance with the law and the findings supported by substantial evidence in the record as a

08  whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means

09  more than a scintilla, but less than a preponderance; it means such relevant evidence as a

10  reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881

11  F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which

12  supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278

13  F.3d 947, 954 (9th Cir. 2002).

14       Plaintiff assigns error to the ALJ's determination that he did not have a severe right

15  upper extremity impairment.  He also argues the ALJ did not give sufficient reasons for

16  rejecting the opinions of examining psychologists Dr. Maria Bakht and Dr. Daniel Neims and

17  did not properly consider the opinion of the state agency reviewing psychologist.  He requests

18  remand for further administrative proceedings.  The Commissioner argues that the ALJ's

19  decision is supported by substantial evidence and should be affirmed.

20                                    Step Two

21       At step two, a claimant must make a threshold showing that his medically determinable

22  impairments significantly limit his ability to perform basic work activities.  *See Bowen v.*

REPORT AND RECOMMENDATION
PAGE -4

01  *Yuckert*, 482 U.S. 137, 145 (1987) and 20 C.F.R. §§ 404.1520(c), 416.920(c).   "Basic work

02  activities" refers to "the abilities and aptitudes necessary to do most jobs."   20 C.F.R. §§

03  404.1521(b), 416.921(b).   "An impairment or combination of impairments can be found 'not

04  severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal

05  effect on an individual's ability to work.'"  *See Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir.

06  1996 (quoting Social Security Ruling (SSR) 85-28).   "[T]he step two inquiry is a de minimis

07  screening device to dispose of groundless claims."   *Id.* (citing *Bowen*, 482 U.S. at 153-54).

08         The ALJ found plaintiff's degenerative disc disease of the lumbar and cervical spine

09  severe at step two.   The ALJ ruled out any other physical impairment, finding:

10         There is some mention of right wrist fractures and brief mention of "knee pain".
           Imaging of the left knee showed moderate osteoarthritis of the patellofemoral
11         compartment.   Imaging of the right knee showed no definite abnormality and
           only minimal thinning of the patellar cartilage.   Despite the claimant's
12         testimony of ongoing symptoms, there is only sporadic mention of these
           symptoms in the record.   Therefore, given the meager development and scant
13         objective findings, the left knee and right wrist are found to be non-severe.

14  (AR 23-24, citations to administrative record omitted.)

15         Plaintiff contends the ALJ failed to discuss any medical evidence relating to a right

16  upper extremity impairment, noting a history of multiple injuries to his right hand, continuing

17  pain and diffuse tenderness, with decreased sensation and a weakened grip.   (*See, e.g.*, AR

18  624, 694, 699, 702.)   Defendant argues the ALJ is not required to specifically identify and

19  discuss every piece of evidence in the record.   *Vincent v. Heckler,* 739 F.2d 1393, 1394-95 (9th

20  Cir. 1994) (holding the ALJ need not discuss all evidence presented to him; rather, he must

21  explain why "significant probative evidence has been rejected.")   Defendant contends plaintiff

22  fails to demonstrate error at step two because no specific limitations from a right upper

REPORT AND RECOMMENDATION
PAGE -5

01 extremity impairment have been identified.   *Carmickle v. Comm'r*, 533 F.3d 115, 1165-66 (9th

02 Cir. 2008) (holding the mere existence of an impairment is insufficient proof of a disability).

03 Defendant further argues that error at step two, if any, would be harmless because the ALJ

04 found other severe impairments at step two and continued the sequential analysis through step

05 five.

06       The Court, however, agrees with plaintiff that the ALJ's consideration of the existence

07 of a right upper extremity impairment was not legally sufficient.   The only reference in the

08 decision in this regard is the ALJ's comment that "there is some mention of right wrist

09 fractures."  (AR 23.)   While the failure to list an impairment as severe at step two can be

10 found harmless if any relevant limitations were nevertheless considered at step four, *Lewis v.*

11 *Astrue*, 498 F.3d 909, 911 (9th Cir. 2007), a review of the decision does not permit this

12 inference.

13       A determination that an impairment is not severe requires "a careful evaluation of the

14 medical findings that describe the impairment(s) . . . and an informed judgment about the

15 limitations and restrictions the impairment(s) and related symptom(s) impose on the

16 individual's ability to do basic work activities."   SSR 96-3p *2 (citing SSR 96-7p).   An ALJ is

17 also required to consider the "combined effect" of an individual's impairments in considering

18 severity.   *Smolen,* 80 F.3d at 1290.

19       In the context of this legal framework, the ALJ's step two consideration of a right upper

20 extremity impairment falls short.   Plaintiff testified about injuries to his right hand and

21 resulting problems and limitations, and the vocational expert testified that limitations on the use

22 of the hand or fingering would eliminate some of the step five jobs.  (AR 53-55, 74.)   While

01   the ALJ need not discuss each piece of evidence in the record, he "must explain why

02   'significant probative evidence has been rejected.'" *Vincent*, 739 F.2d at 1394-95 (quoting

03   *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981)).   Nor does the record show the ALJ

04   considered the impact of a right upper extremity impairment at a subsequent step of the

05   sequential evaluation.   *See Lewis*, 498 F.3d at 911.   The matter should be remanded to allow

06   the ALJ to evaluate the presence of a right upper extremity impairment at step two, and to

07   further consider any resulting limitations in plaintiff's RFC.

08                                          <u>Medical Opinions</u>

09          In general, more weight should be given to the opinion of a treating physician than to a

10   non-treating physician, and more weight to the opinion of an examining physician than to a

11   non-examining physician.   *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).   Where not

12   contradicted by another physician, a treating or examining physician's opinion may be rejected

13   only for "'clear and convincing'" reasons.   *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391,

14   1396 (9th Cir. 1991)).   Where contradicted, a treating or examining physician's opinion may

15   not be rejected without "'specific and legitimate reasons' supported by substantial evidence in

16   the record for so doing."   *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.

17   1983)).   The ALJ may reject physicians' opinions "by setting out a detailed and thorough

18   summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and

19   making findings."   *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*,

20   881 F.2d at 751).   Rather than merely stating his conclusions, the ALJ "must set forth his own

21   interpretations and explain why they, rather than the doctors', are correct."   *Id*.   (citing

22   *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

01  A.    Maria Bakht, Psy.D.

02        Dr. Bakht, a psychologist,[2] conducted a consultative examination of plaintiff on

03  October 23, 2008. (AR 491-97.) The ALJ accepted Dr. Bakht's opinion that plaintiff

04  demonstrated a slow pace but adequate concentration, indicating that "such evidence is

05  accounted for in finding that the claimant can perform unskilled work with some degree of

06  social interaction." (AR 27.)

07        With regard to other opinions expressed in Dr. Bakht's report, the ALJ found as follows:

08        Consultative psychologist, Maria Bakht, Psy.D., opined that the claimant can
          perform very simple and concrete tasks within a highly structured environment
09        with supervision.   The psychologist also noted that the claimant may have some
          difficulty getting along with others who may perceive him as detached.   The
10        psychologist further indicated that if the claimant feels overwhelmed in the
          workplace he is unlikely to complete tasks and that he may leave the job if he
11        feels too stressed.   Dr. Bakht's opinion is not found to be persuasive as the
          psychologist relied in part on the claimant's self-report of symptoms, which is
12        replete with credibility concerns.   As discussed above, the claimant did not
          provide consistent reports of his drug use and periods of sobriety, including his
13        account to Dr. Bakht.   Further the psychologist did not review any medical
          records.   Thus, the psychologist's opinion is given less weight.

14

15  (AR 29.)

16        Plaintiff raises several grounds for disputing the ALJ's evaluation of Dr. Bakht's

17  opinions.   Plaintiff argues it was inappropriate for the ALJ to give less weight to Dr. Bakht's

18  opinion because she was not provided with medical records, and posits the doctor's reliance on

19  her own clinical observations as much as plaintiff's subjective complaints.

20        Plaintiff does not assign error to the ALJ's finding that plaintiff's testimony about his

21

22        2 The record does not show that Dr. Bakht has a M.D. degree, as plaintiff indicates.   (Dkt. 14 at
    8, 12.)

01  subjective symptoms was not entirely credible.   (AR 26-28.)   As the Commissioner argues,

02  and plaintiff acknowledges, it is not improper for an ALJ to reject a medical opinion largely

03  based on a claimant's discredited subjective complaints.   *Tommasetti v. Astrue*, 533 F.3d 1035,

04  1041 (9th Cir. 2008).   Likewise, it was not inappropriate for the ALJ to rely on the fact that Dr.

05  Bakht had not reviewed medical records, as the extent to which a medical source is familiar

06  with the other information in the case record is a relevant factor to be considered, and the

07  regulations do not mitigate this factor because the records were not provided to the consultant

08  by the Agency.   20 C.F.R. §§ 404.1527(c)(6), 416.927(c)(6).

09      However, the Court finds it necessary to require the ALJ to revisit the evaluation of Dr.

10  Bakht's opinion for a different reason.   It is not clear which of Dr. Bakht's opinions the ALJ

11  found deserving of less weight.   While the ALJ cited the doctor's opinions regarding plaintiff's

12  ability to perform very simple and concrete tasks within a highly structured environment with

13  supervision, his difficulty getting along with others who may perceive him as detached, and his

14  likely inability to complete tasks and to leave the job if feeling too overwhelmed and stressed,

15  the ALJ found only that Dr. Bakht's opinion (in the singular) was not persuasive.   (AR 29.)   It

16  is not clear if the ALJ rejected all of the opinions listed, or accounted for some of them in the

17  RFC (as was done with Dr. Bakht's opinion regarding plaintiff's slow pace).   On remand, the

18  ALJ should specify which opinions set forth in Dr. Bakht's report are given weight and

19  included in the RFC finding, and which are not given weight, with legally sufficient reasons

20  therefor.

21  B.    <u>Daniel Neims, Psy.D.</u>

22      Dr. Neims evaluated plaintiff in 2007 and 2008 at the referral of the State.   (AR

01   527-46.)   The ALJ considered Dr. Neims' opinions regarding plaintiff's cognitive and social

02   limitations:

> On forms completed for Washington State's Department of Social and Health
> Services (DSHS), examining psychologist Daniel Neims, Psy.D., checked boxes
> indicating marked to severe cognitive and social limitations.   Neither form is
> found to be persuasive due to the psychologist's heavy reliance on the
> claimant's subjective complaints and inconsistent statements.   For instance, on
> exam in 2008, the claimant told Dr. Neims that he had 14 months of sobriety
> despite multiple drug relapses.   I accord little weight to these forms.

07   (AR 29, citations to administrative record omitted.)

08        Plaintiff argues these reasons were not specific and legitimate, disputing the ALJ's

09   finding that Dr. Neims relied heavily on plaintiff's subjective complaints rather than his own

10   professional clinical observations.   The Commissioner argues that the ALJ's contrary

11   interpretation of Dr. Neims' report was rational and supported by substantial evidence.   *See*

12   *Sample v. Schweiker,* 694 F.2d 639, 642 (9th Cir. 1982) ("In reaching his findings, the law

13   judge is entitled to draw inferences logically flowing from the evidence.") (cited sources

14   omitted).

15        The Court does not find the ALJ's evaluation of Dr. Neims' opinions legally sufficient.

16   While the factors cited by the ALJ are appropriate bases for evaluating the opinion of an

17   examining medical source, *see Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th

18   Cir. 1999) (ALJ may reject a treating physician's opinion if it is based "'to a large extent'" on a

19   claimant's self-reports that have been properly discounted as incredible) (quoting *Fair v.*

20   *Bowen*, 885 F.2d 597, 605 (9th Cir. 1989)), *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir.

21   1999) (inconsistent statements regarding alcohol use may be considered as a reason to reject a

22   claimant's testimony), the ALJ mischaracterized Dr. Neims' reports as check-the-box forms,

REPORT AND RECOMMENDATION
PAGE -10

01  *see Molina v. Astrue*, 674 F.3d 1103, 1111 (9th Cir. 2012) (ALJ may "'permissibly reject[ ] . . .

02  check-off reports that [do] not contain any explanation of the bases of their conclusions.'")

03  (quoting *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996)).   Dr. Neims summarized the

04  relevant medical history based on a review of the medical records, and conducted a clinical

05  interview, reporting his findings and observations in the evaluation report.   On remand, the

06  ALJ should evaluate Dr. Neims' report in full.

07  C.      State Agency Consultant – Michael Regets, Ph.D.

08          The ALJ accorded "great weight" to the state agency reviewing medical consultant, Dr.

09  Regets:

10              As to mental residual functional capacity, the State agency's reviewing medical
                consultant, Dr. Regets, opined that the claimant can perform simple tasks
11              involving superficial public contact.   Dr Regets' medical opinion is consistent
                with that [sic] the claimant's activities of daily living and other reported
12              activities, including, driving, shopping, and doing household chores.   Dr.
                Regets medical opinion is also consistent with the claimant's performance on
13              exam.   [Citing to Dr. Bakht's examination, AR 491-97.] Therefore, great
                weight is accorded.

14

15  (AR 29, citations to administrative record omitted.)

16          Plaintiff argues the ALJ overlooked certain portions of Dr. Regets' opinions that

17  corroborated disability.   In particular, plaintiff notes Dr. Regets' opinion that plaintiff's

18  "overall condition would restrict him from maintaining/sustaining nrml workday/workweek on

19  consistent basis" (AR 501), and Dr. Regets' assessment of moderate limitations in plaintiff's

20  ability to work in coordination with or proximity to others without being distracted (AR 500).

21  Plaintiff also notes other moderate limitations assessed by Dr. Regets in the Summary

22  Conclusions portion of the assessment, such as the ability to complete a normal workday

REPORT AND RECOMMENDATION
PAGE -11

01  without interruptions from psychologically based symptoms and to perform at a consistent pace

02  without an unreasonable number and length of rest periods, to sustain an ordinary routine

03  without special supervision, or to accept instructions and respond appropriately to criticism

04  from supervisors.   (AR 499-500.)

05        The Commissioner argues Dr. Regets' opinions read in context show that he took into

06  consideration not only plaintiff's mental impairments, but also physical impairments beyond

07  Dr. Regets' area of expertise.   The Commissioner also notes that most of the moderate

08  limitations assessed by Dr. Regets are in the checkbox portion of the report.

09        Again, while the ALJ need not discuss every piece of evidence in the record, he "must

10  explain why 'significant probative evidence has been rejected.'"   *Vincent*, 739 F.2d at 1394-95

11  (quoting *Cotter*, 642 F.2d at 706).   State agency psychological consultants are highly qualified

12  experts in the evaluation of the medical issues in disability claims under the Act.   SSR 96-6p.

13  The Court agrees that the ALJ did not address some of Dr. Regets' opinions which, if credited,

14  could have affected plaintiff's RFC.   The ALJ is not required to adopt the opinion of any

15  particular medical source, but is obligated to "set forth his own interpretations and explain why

16  they, rather that the doctors', are correct."   *Reddick*, 157 F.3d at 725.   On remand, the ALJ

17  should more fully explain the evaluation of Dr. Regets' opinions.

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

REPORT AND RECOMMENDATION
PAGE -12

01                                  **CONCLUSION**

02          For the reasons set forth above, this matter should be REMANDED for further

03  proceedings.

04          DATED this <u>25th</u> day of October, 2012.

05

06                                                    _____
                                                      Mary Alice Theiler
07                                                    United States Magistrate Judge

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

REPORT AND RECOMMENDATION
PAGE -13